******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BORDEN, J., concurring. I agree with the reasoning of the majority opinion and its holding, namely, that the plaintiff, Sidney F. Manning, has not established standing to bring this foreclosure action, and, therefore, the trial court had no subject matter jurisdiction to proceed further in the action, even to order the parties to return to the Bankruptcy Court to resolve the question of the ownership of the mortgage in question. I write briefly and separately, however, to underscore the anomalous and economically wasteful posture in which this leaves the property in question.

As a result of this conclusion, the property in question is, insofar as the real estate records are concerned, burdened by a mortgage that the plaintiff cannot foreclose, and the defendants,[1] who own the property, cannot get released without some further action of the Bankruptcy Court or its trustee. Thus, the property is essentially not saleable. Our decision makes clear that the plaintiff cannot foreclose on the mortgage. And the defendants have no way to clear the title to the property of the mortgage that the plaintiff claims to own, because either the mortgage is still owned by the trustee in bankruptcy or is subject to being abandoned by that trustee.

Thus, it behooves all of the parties to hie themselves to the Bankruptcy Court. There they should implore the court to reopen the bankruptcy case so as either to lodge ownership of the mortgage in the trustee (or a duly appointed successor trustee), or to permit that trustee to abandon any interest in the mortgage, which should have the effect of lodging ownership of the mortgage in the plaintiff. Otherwise, the property in question will remain indefinitely a piece of real estate without capability of liquidation. This is hardly a state of affairs that commands respect.

[1] See footnote 1 of the majority opinion.